Jones IP
Legal Services

Michael R. Jones – Managing Member
mjones@jonesipl.com
www.JonesIPL.com

November 20, 2026

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1305
New York, NY 10007

Re: *Mapes v. Alibaba Group Holding Limited, et al.*, No. 1:26-cv-07466-PAE (S.D.N.Y.)

**Response to Defendants' Letter Motion for Briefing Schedule Extension**

Dear Judge Engelmayer:

Plaintiff Tara Mapes respectfully submits this response to Defendants' November 20, 2026 letter motion requesting an extended briefing schedule (Dkt. 34). Plaintiff respectfully opposes Defendants' request to postpone completion of briefing until January 29, 2027.

**The party required to respond to the motion, Plaintiff, does not need or request the extra time to respond.**

**Plaintiff requests a December 1 motion deadline, December 15 opposition deadline, and December 22 reply deadline, reflecting the fourteen-day opposition and seven-day reply periods under Local Civil Rule 6.1(b).**

Plaintiff initially proposed December 15 for opposition and December 22 for reply. That proposal would complete briefing before both Christmas and defense counsel's stated leave beginning December 23. After defense counsel identified the Court's use of twenty-one days for opposition and fourteen days for reply in Bohn v. City of New York, No. 24-cv-9283, ECF No. 25, Plaintiff offered December 22 and January 5 as a compromise to resolve the issue without Court intervention. Defendants did not accept that proposal and instead filed this application. Plaintiff now requests the ordinary local-rule periods; the compromise offered to avoid this dispute did not concede that additional time was necessary.

Defendants instead request thirty-eight days for Plaintiff's opposition and another twenty-one days for their reply. The party opposing the motion is prepared to respond within the shorter period.

Jones IP Legal Services

Michael R. Jones – Managing Member
mjones@jonesipl.com
www.JonesIPL.com

Defendants should not obtain an extended reply deadline merely by assigning Plaintiff additional opposition time that Plaintiff has expressly declined.

Plaintiff acknowledges counsel's stated leave from December 23 through January 4. That circumstance presents no conflict with Plaintiff's requested schedule, which concludes December 22. It also does not adequately explain the primary request for a January 29 reply deadline. Under Defendants' proposal, Plaintiff would oppose on January 8, after counsel's stated leave has ended, yet Defendants would still receive three additional weeks to reply. Their general references to complexity and coordination do not identify why that interval is necessary for the parties initiating the motion.

**Defense counsel received an advance draft complaint on August 11** and subsequently received a requested chronology, additional photographic and CMI evidence, and an image-by-registration breakdown. Defendants have confirmed their intention to seek dismissal under Rule 12(b)(6). As movants, they select the grounds for dismissal and develop those arguments before filing their opening papers. Plaintiff must then respond to the motion Defendants choose to present. Although Defendants must consider Plaintiff's opposition before completing a reply, their familiarity with the claims and advance preparation of their own arguments weigh against granting an extended reply period based on generalized preparation concerns.[1]

Defendants themselves requested December 1 as their consolidated response deadline and now invoke an upcoming vacation and resulting scheduling conflict as grounds for additional time. To the extent counsel knew of that leave when requesting December 1, this sequence raises a concern that the selected deadline anticipated a further extension through the briefing schedule. The Court's October 7 Order restricted further extensions of the initial response deadline absent compelling circumstances (Dkt. 29). Although the present request does not formally alter December 1, retaining that date while postponing completion of Defendants' own motion until January 29 would

[1] Bohn demonstrates the Court's discretion to establish a twenty-one-day opposition and fourteen-day reply schedule. It does not establish that the substantially longer January 8/January 29 schedule requested here is necessary. Plaintiff is prepared to proceed under Local Civil Rule 6.1(b).

Jones IP Legal Services

Michael R. Jones – Managing Member
mjones@jonesipl.com
www.JonesIPL.com

achieve substantial additional delay through extended briefing periods. Plaintiff's proposed schedule permits briefing to conclude before counsel's leave begins. The identified conflict therefore does not require departure from the ordinary local-rule periods.

Plaintiff therefore requests that the Court deny Defendants' proposed January 8/January 29 schedule and their alternative January 13 reply deadline, and adopt December 1 for moving papers, December 15 for opposition, and December 22 for reply. This request concerns opposition and reply briefing; any amendment and response to an amended pleading may be addressed under the applicable rules and the Court's directions.

Respectfully submitted,

/s/ Michael Ryan Jones
Michael Ryan Jones

JONES INTELLECTUAL PROPERTY
44 Court St #1217
Brooklyn, NY 11201

Telephone: (718) 500-0115
Email: mjones@jonesipl.com

cc: All counsel of record via ECF